IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DAVID MANUEL ARRELLANO,<br><br>   Plaintiff,<br><br>v.<br><br>GREAT LAKES EDUCATIONAL<br>LOAN SERVICES, INC.,<br><br>   Defendant. | Case No. 5:19-cv-00094 |

## COMPLAINT

NOW COMES Plaintiff, DAVID MANUEL ARRELLANO, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DAVID MANUEL ARRELLANO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Wolfforth, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

6. GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. ("Great Lakes") is a foreign corporation with its principal place of business in Madison, Wisconsin.

7. Great Lakes is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4702.

9. At all times relevant, Plaintiff's number ending in 4702 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

11. Two months ago, Great Lakes started placing phone calls to Plaintiff seeking to collect on Plaintiff's unpaid student loan.

12. On several occasions, Plaintiff answered. Each time, Plaintiff experienced noticeable pause prior to being connected to Great Lakes's representative.

13. On several occasions, Plaintiff requested that Great Lakes stop calling; often times providing Great Lakes with Plaintiff's attorney's contact information.

14. In spite of Plaintiff's requests, Plaintiff continues to receive 4-8 weekly collection phone calls from Great Lakes.

15. In total, Great Lakes placed (or caused to be placed) no less than 25 unconsented-to phone calls to Plaintiff's cellular telephone, including, but not limited to on:

April 26, 2019
April 29, 2019
May 2, 2019
May 7, 2019
May 14, 2019

May 17, 2019
May 21, 2019

16.   Great Lakes's unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

17.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

18.   Great Lakes placed or caused to be placed no less than 25 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

19.   Upon information and belief, based on the "clear pause" Plaintiff experienced, Great Lakes employed an ATDS to place calls to Plaintiff's cellular telephone.

20.   Upon information and belief, the ATDS employed by Great Lakes transfers the call to a live representative once a human voice is detected, hence the clear pause.

21. Upon information and belief, the ATDS employed by Great Lakes has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

22. Upon information and belief, Great Lakes acted through its agents, employees, and/or representatives at all times relevant.

23. As a result of Great Lakes violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

24. As a result of Great Lakes's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Great Lakes violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 23, 2019                                             Respectfully submitted,

**DAVID MANUEL ARRELLANO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200

Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com